UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                          Case # 19-CV-6715-FPG

v.

                                                           DECISION AND ORDER

WENDY L. SULKEY, et al.,

                            Defendants.
───────────────────────────────────

## INTRODUCTION

Plaintiff United States of America filed this action in September 2019, seeking foreclosure on a property owned by Defendant Wendy L. Sulkey. ECF No. 1. Plaintiff also sued Defendants New York State Affordable Housing Corporation and Farmbrook Homes Association, Inc. (alleged to have potential interests in the property), and Defendants John Doe, Mary Roe, and XYZ Corporation (alleged to be possible tenants, occupants, or interested parties). *Id.* ¶¶ 12, 16. Only New York State Affordable Housing Corporation has appeared in this case. ECF No. 4. At Plaintiff's request, on September 14, 2021, the Clerk of Court filed an entry of default against Sulkey, New York State Affordable Housing Corporation, and Farmbrook Homes Associations, Inc. ECF No. 22. Plaintiff now moves for a default judgment against those three defendants.[1] ECF No. 28. For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend"

---

[1] Plaintiff also moves to dismiss the pseudonymous defendants. ECF No. 28 at 2, 5. That request is GRANTED. *See United States v. Phillips*, No. 19-CV-5348, 2022 WL 256954, at *4 (E.D.N.Y. Jan. 7, 2022).

itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

## BACKGROUND

The following facts are taken from the complaint and the materials that Plaintiff proffered in connection with its motion. In July 2008, Plaintiff, via the United States Department of Agriculture ("USDA"), provided a loan to Sulkey in connection with her purchase of a property located in Farmington, New York. ECF No. 1 ¶¶ 1-4; ECF No. 28 at 8-19. Sulkey defaulted on her monthly payments beginning in January 2018. ECF No. 1 ¶ 7. In September 2019, Plaintiff brought this action to compel the sale of the property. *See* ECF No. 1 at 4. Plaintiff has submitted the affidavit of Michelle Barnard, a USDA foreclosure specialist, who avers that Sulkey now owes $133,156.84 as a result of her default, which includes, *inter alia*, unpaid principal and interest, taxes, and insurance. ECF No. 28 at 107-10. At the time of the complaint, Plaintiff alleged that New York State Affordable Housing Corporation and Farmbrook Homes Association, Inc. potentially had subordinate interests in the property. ECF No. 1 at 3, 20.

## DISCUSSION

Plaintiff does not dispute that New York law provides the governing standards for this action. *See* 42 U.S.C. § 1475(b). "Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *Phillips*, 2022 WL 256954, at *5. "Typically, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Id.* (internal quotation marks omitted). In addition, lenders in "New York residential foreclosure actions . . . carry an even higher burden. The New York Real Property Actions and Proceedings Law ('RPAPL') imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions." *United States v. Parks*, No. 17-CV-1262, 2018 WL 5793569, at *2 (W.D.N.Y. Oct. 4, 2018) (brackets omitted). Among these requirements are "(a) the service of statutory notice to the mortgagor with the summons and complaint [RPAPL §§ 1303, 1320], (b) the giving of notice to the mortgagor before the commencement of a legal action [RPAPL § 1304], (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services [RPAPL § 1306], and (d) the filing of a notice of pendency [RPAPL § 1331]." *United States v. Castner*, No. 19-CV-1447, 2021 WL 1564785, at *4 (N.D.N.Y. Apr. 21, 2021).

Plaintiff has satisfied many of these requirements. There are sufficient allegations and/or evidence that Sulkey had a payment obligation to Plaintiff which was secured by a mortgage, ECF No. 28 at 8-19, Sulkey defaulted on that obligation, *id.* at 28, 107-10; *see also* ECF No. 1 ¶ 7, and Plaintiff provided notice of that default and demand for payment. ECF No. 28 at 48, 103. In addition, Plaintiff has complied with at least two of RPAPL's requirements. Consistent with

3

Section 1304, Plaintiff provided Sulkey with the required form notice at least ninety days before initiating this action.  *See* RPAPL § 1304(1); ECF No. 28 at 80.  Plaintiff also filed the required notice with the superintendent pursuant to Section 1306.  *See* RPAPL § 1306(1); ECF No. 28 at 63.

However, Plaintiff has not provided sufficient allegations in its complaint, or sufficient evidence with its motion for default judgment, to show that it complied with other sections of RPAPL.  Section 1303 requires a foreclosing party to send a form foreclosure notice with the summons and complaint, and Section 1320 requires the party to use a special summons in a foreclosure action.  *See Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 709-10 (W.D.N.Y. 2018).  Plaintiff has not confirmed that the materials it served upon Sulkey conformed to Sections 1303 and 1320.  *See generally* ECF No. 28.  And, although Plaintiff has submitted evidence that it filed a notice of pendency, as required by Section 1331, the Court cannot discern whether Plaintiff filed the complaint with the notice.  *See* ECF No. 28 at 98-101; *see also Nationstar Mortg. LLC v. Moody*, No. 16-CV-279, 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017) ("A copy of the complaint in the foreclosure action must be filed with the notice of pendency.").

Because Plaintiff has not demonstrated that it complied with all of the requirements of RPAPL, it is not entitled to a default judgment at this time.  *See id.*  Plaintiff's motion for default judgment is therefore denied without prejudice to renewal.  In any subsequent motion, Plaintiff shall include a memorandum of law detailing its compliance with all of the applicable requirements of New York law.  To the extent Plaintiff believes it is not required to comply with certain RPAPL requirements, it is free to brief such issues in its renewed motion.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. The Clerk of Court shall terminate Defendants John Doe, Mary Roe, and XYZ Corporation from this action. Plaintiff may file a renewed motion for default judgment by **July 20, 2022**.

    IT IS SO ORDERED.

Dated:   June 8, 2022
            Rochester, New York

                                             HON. FRANK P. GERACI, JR.
                                             United States District Judge
                                             Western District of New York