UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                  Plaintiff,

                                                                              Case # 19-CV-6715-FPG

v.

                                                                              DECISION AND ORDER

WENDY L. SULKEY, et al.,

                                                  Defendants.

## INTRODUCTION

Plaintiff United States of America filed this action in September 2019, seeking foreclosure on a property owned by Defendant Wendy L. Sulkey.   ECF No. 1.   Plaintiff also sued Defendants New York State Affordable Housing Corporation and Farmbrook Homes Association, Inc. (alleged to have potential interests in the property), and Defendants John Doe, Mary Roe, and XYZ Corporation (alleged to be possible tenants, occupants, or interested parties).   *Id.* ¶¶ 12, 16.   The Clerk of Court has filed entries of default against the named defendants.   ECF Nos. 22, 38.   On June 8, 2022, the Court granted in part and denied in part without prejudice Plaintiff's motion for a default judgment as to all Defendants.   ECF No. 31.   The Court dismissed Defendants John Doe, Mary Roe, and XYZ Corporation from the action, but otherwise denied relief.   *Id.* at 5.   The Court granted Plaintiff leave to file a renewed motion, and Plaintiff did so on September 20, 2022. ECF No. 39.   In addition, Plaintiff supplemented its renewed motion on March 7, 2023.   ECF No. 44.   Having reviewed the materials, and for the reasons that follow, Plaintiff's renewed motion for default judgment is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment.   First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend"

itself in the action.   Fed. R Civ. P. 55(a).   Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment."   Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted.   *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).   Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.*   If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support.   *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

## BACKGROUND

The following facts are taken from the complaint and the materials that Plaintiff proffered in connection with its renewed motion.   In July 2008, Plaintiff, via the United States Department of Agriculture ("USDA"), provided a loan to Sulkey in connection with her purchase of a property located in Farmington, New York.   ECF No. 1 ¶¶ 1-4; ECF No. 39 at 9-11, 14.   Sulkey defaulted on her monthly payments beginning in January 2018.   ECF No. 1 ¶ 7.   In September 2019, Plaintiff brought this action to compel the sale of the property.   *See* ECF No. 1 at 4.   Plaintiff has submitted the affidavit of Michelle Barnard, a USDA foreclosure specialist, who avers that Sulkey owes $133,156.84 as of February 18, 2022, which includes, *inter alia*, unpaid principal and interest, taxes, and insurance.   ECF No. 39 at 109-12.   At the time of the complaint, Plaintiff alleged that New York State Affordable Housing Corporation and Farmbrook Homes Association, Inc. potentially had subordinate interests in the property.   ECF No. 1 at 3, 20.

**DISCUSSION**

Plaintiff does not dispute that New York law provides the governing standards for this action.   *See* 42 U.S.C. § 1475(b).   "Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default."   *United States v. Phillips*, No. 19-CV-5348, 2022 WL 256954, at *5 (E.D.N.Y. Jan. 7, 2022).   "Typically, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."   *Id.* (internal quotation marks omitted).

In addition, lenders in "New York residential foreclosure actions . . . carry an even higher burden.   The New York Real Property Actions and Proceedings Law ('RPAPL') imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions."   *United States v. Parks*, No. 17-CV-1262, 2018 WL 5793569, at *2 (W.D.N.Y. Oct. 4, 2018) (brackets omitted).   Among these requirements are "(a) the service of statutory notice to the mortgagor with the summons and complaint [RPAPL §§ 1303, 1320], (b) the giving of notice to the mortgagor before the commencement of a legal action [RPAPL § 1304], (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services [RPAPL § 1306], and (d) the filing of a notice of pendency [RPAPL § 1331]."   *United States v. Castner*, No. 19-CV-1447, 2021 WL 1564785, at *4 (N.D.N.Y. Apr. 21, 2021).

The Court concludes that Plaintiff is entitled to relief.   As to the basic requirements of a foreclosure claim, there are sufficient allegations and/or evidence that Sulkey had a payment obligation to Plaintiff which was secured by a mortgage, ECF No. 39 at 9-11, 14, Sulkey defaulted

3

on that obligation, *id.* at 109-12; *see also* ECF No. 1 ¶ 7, and Plaintiff provided notice of that default and demand for payment.   ECF No. 39 at 49, 105-07.

Plaintiff has also demonstrated that RPAPL poses no barrier to foreclosure.   Plaintiff has submitted evidence of its compliance with the service of statutory notice pursuant to RPAPL §§ 1303, 1320.   *See* ECF No. 39 at 74; ECF No. 44-2 at 2-3; ECF No. 44-3 at 2.   Plaintiff satisfied the filing requirement set forth in RPAPL § 1306, ECF No. 39 at 98, and filed a notice of pendency as required by RPAPL § 1331.   ECF No. 44-1 at 2; ECF No. 44-4.

That leaves RPAPL § 1304.   In its recent order, the Court had directed Plaintiff to supplement its materials with respect to this requirement, writing:

> RPAPL § 1304 requires that a special notice be given to the mortgagor before commencement of a legal action. Although the Court previously found that Plaintiff satisfied this prerequisite, *see* ECF No. 31 at 3-4, upon closer scrutiny, the document that Plaintiff proffers only includes some of the language required under RPAPL § 1304. *See* ECF No. 39 at 82; RPAPL § 1304(1) (identifying required contents of form notice); *see also Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019) ("Plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304 regardless of the adequacy of Defendants' briefing.").

ECF No. 42 at 2.

In its supplemental brief, Plaintiff argues that noncompliance with RPAPL § 1304 is a nonjurisdictional defense and that, given Sulkey's default, it was "not required to disprove that defense."   ECF No. 44 at 3-4.   The Court agrees.   *See Chase Home Fin., LLC v. Guido*, 189 A.D.3d 1339, 1340 (App. Div. 2020) ("The failure to comply with RPAPL 1304 is not a jurisdictional defect.   Therefore, a plaintiff is not required to disprove the defense unless it is raised by defendants, and in this case the defendants failed to appear in the action or answer the complaint." (internal citation omitted)); *see also U.S. Bank Nat'l Ass'n as Tr. for RMAC Trust, Series 2016-CTT v. Kozikowski*, No. 19-CV-783, 2022 WL 4596753, at *5-6 (E.D.N.Y. Sept. 30,

2022) (surveying the caselaw and concluding that a "[p]laintiff's failure to establish compliance with [RPAPL §] 1304 does not preclude the entry of default judgment").

Accordingly, the Court concludes that Plaintiff has provided sufficient allegations and/or evidence on its claim for foreclosure, and is therefore entitled to a default judgment against the remaining defendants. Furthermore, the Court has reviewed Plaintiff's request for attorney's fees in the amount of $3,875—a $3,500 flat fee and $375 for preparation of the 90-day notice and entries of default. ECF No. 39-2; *see also* ECF No. 39 at 35, 44 (allowing for reasonable attorney's fees). Although Plaintiff's counsel charges a flat fee and does not maintain individual time sheets, the Court finds the amount requested reasonable and in line with the work performed and results achieved. *See Phillips*, 2022 WL 256954, at *9 (collecting cases and approving attorney's fees in the amount of $3,850).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (ECF No. 39) is GRANTED. The Court will issue a judgment of foreclosure and sale by separate order. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   April 3, 2023
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

5